NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MERCURY INTERACTIVE CORPORATION, et al., <br><br> Defendants. | Case Number C 05-3395 JF <br><br> ORDER (1) DIRECTING THE CLERK OF THE COURT TO FILE THE COMPLAINT OF MISSISSIPPI PERS AND VACATING HEARING DATE ON MISSISSIPPI PERS' MOTION TO INTERVENE; (2) CONSOLIDATING THE INSTANT ACTION WITH THE MISSISSIPPI PERS ACTION AND THREE OTHER RELATED SECURITIES FRAUD ACTIONS; (3) GRANTING IN PART MISSISSIPPI PERS' MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE THE HEARING ON THE MERCURY PENSION FUND GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF; (4) CONSTRUING MISSISSIPPI PERS' MOTION TO INTERVENE AS A MOTION FOR APPOINTMENT AS LEAD PLAINTIFF; AND (5) SETTING BRIEFING SCHEDULE RE THE LEAD PLAINTIFF MOTIONS |

    The instant action, filed on August 19, 2005, was the first of several securities fraud class actions filed against Mercury Interactive Corporation ("Mercury") and its officers. Three more

securities fraud class actions were filed against Mercury on September 23, 2005 (Case No. C 05-3864 JF) and October 5, 2005 (Case Nos. C 05-4031 JF and C 05-4036 JF).[1] Additionally, on November 28, 2005, the Public Employees' Retirement System of Mississippi ("Mississippi PERS") filed a motion to intervene in the action, seeking leave to file its own securities fraud class action complaint and to be appointed lead plaintiff.

The Court is somewhat puzzled by Mississippi PERS' decision to file a motion to intervene and, within the context of such a motion, to seek leave to file a securities fraud class action complaint and to be appointed lead plaintiff. The Private Securities Litigation Reform Act of 1995 ("Reform Act"), Pub.L. No. 104-67 (1995), does not require leave of court before the filing of a class action complaint and does not appear to contemplate intervention as an appropriate means of litigating class claims. Accordingly, the Court simply will direct the Clerk of the Court to file Mississippi PERS' proposed class action complaint and will vacate the hearing date on Mississippi PERS' motion to intervene.

Having reviewed Mississippi PERS' complaint as well as the complaints in the related securities fraud actions, the Court concludes that consolidation is appropriate. Accordingly, the Court will order consolidation of the instant action with the Mississippi PERS action and related actions  C 05-3864 JF, C 05-4031 JF and C 05-4036 JF.

With respect to the appointment of lead plaintiff, the Reform Act requires that the Court appoint the most adequate plaintiff as lead plaintiff "[a]s soon as practicable" after determining whether related actions should be consolidated. Having determined that all of the securities fraud class actions filed to date should be consolidated, the Court now turns to the question of appointment of lead plaintiff.

Under the Reform Act, the first plaintiff or group of plaintiffs to file a class action complaint must, within twenty days after filing the complaint, publish a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted therein, the purported class period and the fact that any member of the purported class may move to serve as

---

[1] A number of derivative actions have been filed as well.

1  lead plaintiff within sixty days after publication of the notice.  15 U.S.C. § 78u-4(a)(3)(A)(i).
2  The notice in the instant case was published on August 21, 2005.  Only one application for
3  appointment of lead plaintiff – that of Mercury Pension Fund Group ("Mercury Group") filed on
4  October 20, 2005 – was filed within sixty days after publication of the notice.  Mississippi PERS
5  did not file a timely motion for appointment of lead plaintiff, and in fact it still has not filed such
6  a motion.  However, it is clear from Mississippi PERS' motion to intervene that Mississippi
7  PERS in fact seeks appointment as lead plaintiff, and the Court therefore will construe the
8  motion to intervene as including a motion for appointment as lead plaintiff.

9       Mississippi PERS has filed a motion for administrative relief seeking to continue the
10 hearing date on the motion of Mercury Group for appointment of lead plaintiff , currently set for
11 December 9, 2005.  The Court will grant that motion in part so that it may address the
12 appointment of lead plaintiff in an orderly fashion.  The Court will set a briefing schedule so that
13 Mercury Group and Mississippi PERS may address their competing requests to serve as lead
14 plaintiff for the class.  The Court is particularly interested in whether Mississippi PERS' failure
15 to file a timely motion precludes it from considering Mississippi PERS as a candidate for lead
16 plaintiff.  Nothing in this order should be read as a determination of the legal question, raised by
17 Mercury Group in its opposition to Mississippi PERS' motion for administrative relief, of
18 whether Mississippi PERS is statutorily barred from seeking appointment as lead plaintiff.

23 //
24 //
25 //
26 //
27 //
28 //

**ORDER**

(1) The Clerk of the Court SHALL FILE the proposed securities fraud class action complaint of Mississippi PERS, submitted as Exhibit A to the Schwartz Declaration filed in this action (Doc. No. 22), as a new action under a new case number. The hearing date on Mississippi PERS' motion to intervene is VACATED;

(2) The instant action is HEREBY CONSOLIDATED with the Mississippi PERS action and with the following related actions: C 05-3864 JF, C 05-4031 JF and C 05-4036 JF;

(3) Mississippi PERS' motion for administrative relief is GRANTED IN PART. The hearing on Mercury Group's motion for appointment of lead plaintiff is CONTINUED to 9:00 a.m. on Friday, January 13, 2006. At that time, the Court also will take up Mississippi PERS' motion for appointment of lead plaintiff. Any supplemental briefs on these motions shall be filed on or before December 23, 2005. Any supplemental reply briefs shall be filed on or before January 6, 2006.

DATED: 12/8/05

/s/ electronic signature authorized
_____
JEREMY FOGEL
United States District Judge

4

Case No. C 05-3395 JF
ORDER (1) DIRECTING THE CLERK OF THE COURT TO FILE THE COMPLAINT OF MISSISSIPPI PERS ETC. (JFLC2)

1  Copies of Order served on:

3  Nicole Leigh Acton     nicole.acton@hellerehrman.com, cynthia.kent@hellerehrman.com

4  Michael M. Goldberg     info@glancylaw.com

5  Willem F. Jonckheer     wjonckheer@schubert-reed.com

6  David R. Scott     drscott@scott-scott.com

7  Arthur L. Shingler , III     ashingler@scott-scott.com, ssawyer@scott-scott.com